**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4792**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KJUDA HA, a/k/a Juda Ha,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:18-cr-00107-TDS-1)

Submitted:  April 16, 2019                    Decided:  May 1, 2019

Before NIEMEYER and KEENAN, Circuit Judges, HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kjuda Ha pled guilty pursuant to a plea agreement to possession of ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Ha to a within-Sentencing-Guidelines-range of 78 months' imprisonment and to 3 years' supervised release. Ha's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Ha was notified of his right to file a pro se supplemental brief but has not done so. The Government declined to file a brief. We affirm.

We have reviewed the adequacy of Ha's guilty plea hearing and conclude that the district court complied with the requirements of Fed. R. Crim. P. 11(b). Our review of the record convinces us that Ha's guilty plea was voluntarily and knowingly made.

We review Ha's sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). In doing so, we examine the sentence for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. We also review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a)

2

sentencing factors. *Id.* We have reviewed the sentence in its entirety and applied these standards, and we conclude that Ha's sentence is both procedurally and substantively reasonable and therefore the district court did not abuse its discretion in imposing this sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Ha's conviction and sentence. This court requires that counsel inform Ha, in writing, of the right to petition the Supreme Court of the United States for further review. If Ha requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ha. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*